O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO HERNANDEZ SOLARES,<br><br>   Petitioner,<br><br>   v.<br><br>TIMOTHY S. ROBBINS,<br><br>   Respondent. | No. SACV 13-623 CAS (FFM)<br><br>ORDER DISMISSING ACTION |

## BACKGROUND

*Pro se* petitioner, Francisco Hernandez Solares, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition") in the United States District Court for the Southern District of California on or about March 13, 2012.[1] At the time plaintiff filed the action, he was incarcerated at the James A. Musick Facility in Irvine, California. The matter was transferred to the Central District on

---

[1] Under the prison "mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988), a *pro se* habeas petitioner's state and federal filings may be construed as filed on the date they were submitted to prison authorities for mailing. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003); *Huizar v. Carey*, 273 F.3d 1220, 1222-23 (9th Cir. 2001). The postmark on the envelope containing the Petition is dated March 13, 2012.

April 16, 2013. On April 24, 2013, the Court issued an Order Requiring Response to Petition (Federal Custody). Petitioner's service copy of that order was returned to the Court as undeliverable on May 13, 2013. Inquiries by the Court clerk revealed that the petitioner was no longer housed in the United States and, in fact, had been deported.

On May 20, 2013 respondent filed a Notice that Petitioner Has Been Removed from the United States with a Suggestion of Mootness.

## DISCUSSION

On September 26, 2012, petitioner was removed from the United States. (Respondent's Notice that Petitioner Has Been Removed from the United States, Exhibit 1.) Because the Petition only challenged petitioner's immediate custody, and because petitioner is no longer in ICE custody, there is no relief that the Court can give to petitioner. Federal courts lack jurisdiction to consider moot questions. *See Spencer v. Kemna,* 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998) ("throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision'") (citation omitted); *North Carolina v. Rice,* 404 U.S. 244, 246, 92 S. Ct. 402, 30 L. Ed. 2d 413 (1971) (*per curiam*) (federal courts do not have jurisdiction to consider moot claims); *see also, Picrin-Peron v. Rison*, 930 F.2d 773, 775-76 (9th Cir. 1991).

The instant Petition is not reviewable under the exception to mootness for cases that are "capable of repetition, yet evading review." *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S. Ct. 1181, 71 L. Ed. 2d 353 (1982) (*per curiam*). This exception applies only where: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again. *Spencer*, 523, U.S. at 17.

While Petitioner's confinement is capable of repetition if he were to come back to the United States, any such future confinement would have to be judged on its merits and not on the merits of the current Petition.  Under the "case or controversy" requirement of Article III, Section 2 of the United States Constitution, federal courts may not issue advisory opinions.  *See Princeton University v. Schmid*, 455 U.S. 100, 102, 102 S. Ct. 867, 869 (1982).  Therefore, the Petition is subject to dismissal without prejudice for lack of jurisdiction.

Moreover, Local Rule 41-6 provides:

> A party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any.  If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

To date, petitioner has not notified the Court of his new address and, as a result, the Court has no way of communicating with petitioner.  Accordingly, this action is also subject to dismissal without prejudice for failure to prosecute.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed.2d 734 (1962); Fed. R. Civ. P. 41(b).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Therefore, **IT IS ORDERED** that the Petition is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 23, 2013

_____
CHRISTINA A. SNYDER
United States District Judge

Presented by:

 /S/ FREDERICK F. MUMM
    FREDERICK F. MUMM
United States Magistrate Judge

4